REQUESTED BY: Senator D. Paul Hartnett
Does the Department of Defense Appropriation Act, Pub.L. No. 99-190, § 8099, 99 Stat. 1185 (1985), specifically authorize the State of Nebraska to begin collection of excise taxes from sales to federal military facilities in Nebraska?
Can legislation be enacted to enable the State of Nebraska to collect excise taxes from breweries and alcoholic liquor wholesalers on alcoholic liquors and beer being sold to federal military facilities in Nebraska?
No.
Yes.
The Department of Defense Appropriation Act, Pub.L. No. 99-190, § 8099, 99 Stat. 1185 (1985), required the Department of Defense to procure alcoholic beverages from the states in which defense installations are located. The legislative history of that section did not indicate any Congressional intent to permit state taxation of the sale of those beverages to the Department of Defense or any federal installation. Indeed, during the Senate debate, Senator John Glenn of Ohio was concerned that:
. . . Each of the 32 States where State-licensed, commercial distributors serve as wholesalers would be able to collect alcohol beverage taxes from the military — and the Federal Government — on an indirect basis. But there are 18 States where the States themselves are the alcoholic beverage wholesalers and where the prices charged directly to the military cannot include State taxes because this would amount to illegal direct taxation of the Federal Government. These 18 "monopoly" States would not be able to share in the windfall tax collections that would be enjoyed by the 32 "license" States. 131 Cong. Rec. S17313 (1985). (Emphasis added.)
The language of the Senate debate and H.R. Rep. No. 450, 99th Cong., 1st Sess. 270 (1985), is sufficiently clear to indicate that the legislative intent was to require the Department of Defense to make local purchases of alcoholic beverages. There is nothing in the legislative history which expressly waives the immunity of the Federal Government to state taxation.
In 1986, the Department of Defense Appropriation Act, Pub.L. No. 99-190, § 8099, 99 Stat. 1185 (1985), was revised by Pub.L. No. 99-591, § 9090 (1986), and Pub.L. No. 99-661, § 313 (1986). These new provisions allow military installations in the 48 contiguous states to purchase their distilled spirits from the most economical source, be it in-state or out-state. Purchases of wine and malt beverages by military installations in the 48 contiguous states are still limited to in-state wholesalers.
The principle that a state government may not indirectly tax the Federal Government or an "instrumentality" of the Federal Government was clearly established by the United States Supreme Court in United States v. State Tax Commission of Mississippi (Tax Commission II), 421 U.S. 599
(1975), The Court held that a Mississippi Tax Commission regulation which required out-of-state distillers and suppliers to collect a state tax in the form of a wholesale markup from the sale of liquor to federal military installations in Mississippi was unconstitutional because it was a tax imposed on the United States and its instrumentalities. The Court declared, ". . . that where a State requires its sales tax be passed on to the purchaser and collected by the vendor from him, this establishes as a matter of law that the legal incidence of the tax falls upon the purchaser. . ." Id. at 608.
(Emphasis added.)
Neb.Rev.Stat. § 53-160.01 (1986 Cum. Supp.) specifically prohibits the imposition of excise taxes, either directly or indirectly, on instrumentalities of the armed forces of the United States. As a result, breweries and wholesalers of alcoholic liquors are presently given a tax credit for the tax paid on the sale of beer and liquor to federal military installations in Nebraska. Simply requiring that such installations located in Nebraska make their beer and wine purchases within the state in no way interferes with the operation of the state statute. If the present state statutes were modified so as to eliminate the tax credit which is given to the breweries and wholesalers, it appears that no conflict with federal statutes would exist so long as the breweries or wholesalers were not required to collect the state excise tax from the federal military purchaser.
Sincerely,
ROBERT M. SPIRE Attorney General
Susan M. Ugai Assistant Attorney General